# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
*Southern Division*

DONNART LAWRENCE,                    *

       Plaintiff,               *

v.                            Civil No.: **LKG-24-3121**

                             *

TOWN OF LANDOVER HILLS

                             *

       Defendant.             *

## DEFENDANT TOWN OF LANDOVER HILLS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

## INTRODUCTION

Plaintiff's untimely and late-served second attempt at bringing his alleged employment discrimination claims should be dismissed for a host of reasons. Other than untimely service, the Plaintiff has not stated viable claims nor has he complied with the strict statutory deadlines for bringing them.

The Amended Complaint contains three counts:

Count 1 – Violation of the ADA

Count 2 – Wrongful Discharge (Maryland common law)

Count 3 – Violation of the Law Enforcement Officers' Bill of Rights (LEOBR)

For the reasons set forth below, the Amended Complaint should be dismissed with prejudice.

1

# PROCEDURAL BACKGROUND

## Administrative

Plaintiff filed a Charge of Discrimination with the Maryland Commission on Civil Rights ("MCCR") on December 16, 2022, naming as respondents both the Town of Landover Hills ("the Town") and the Landover Hills Police Department ("LHPD"). **Ex. 1** (Charge of Discrimination).[1] He alleged discrimination on the basis of race and disability. *Id*. On December 27, 2023, MCCR issued a "No Probable Cause" finding. ECF 1-11 (Plaintiff's Exhibit J) at pp. 7-8. EEOC issued Plaintiff a ninety-day Right to Sue letter on February 23, 2024. ECF 1-11 at p. 1.

## Judicial

On June 7, 2024, 105 days after issuance of the Right to Sue letter, Plaintiff filed his Complaint against *the LHPD* in the Circuit Court for Prince George's County, which was timely removed to this Court, Civil No.: LKG-24-01790, on June 19, 2024. Docket at ECF 1. Defendant moved to dismiss, and after Plaintiff failed to timely respond to the motion, this Court dismissed the Complaint without prejudice. Docket at ECF 27.

On October 28, 2024, Plaintiff filed the instant Complaint against *the Town*. ECF 1. He amended his pleading (ECF 14) and has attempted various additional amendments

---

[1] The Court may consider the Charge because it is integral to the Complaint and is specifically referenced in the Complaint, and its authenticity cannot reasonably be disputed. *See White v. Mortgage Dynamics, Inc.*, 528 F. Supp. 2d 576, 579 (D. Md. 2007); *McCray v. Md. DOT*, No. ELH-11-3732, 2014 U.S. Dist. LEXIS 132362, *26 (D. Md. Sept. 16, 2014); *Johnson v. Balt. City Police Dept.*, No. ELH-12-2519, 2014 U.S. Dist. LEXIS 41669, *30, n. 18 (D. Md. Mar. 27, 2014).

since then.  ECF 19; 23; 27; 29.   Subsequent to his March 17, 2025, amended pleading, Plaintiff, for the first time, obtained a Summons for the Defendant (ECF 18), which was not served until August 2025 (ECF 26).

**FACTS ALLEGED IN THE AMENDED COMPLAINT**

Plaintiff was employed by the Town as a police officer beginning in 2007.  ECF 14 ¶5.  In early 2021, he was diagnosed with a brain tumor and had surgery in October 2021. *Id*. ¶6.  He also suffered from two herniated discs in his lower back which were being treated and were part of a worker's compensation case.  *Id*. ¶7.  After his surgery, Plaintiff was placed on a three-month recovery period through January 18, 2022.  *Id*. ¶8.  Plaintiff alleges he "complied with all requests from his employer to complete new leave forms and provide updated medical information." *Id*.

On January 18, 2022, Plaintiff requested additional medical leave, which was approved through March 1, 2022, and then extended through April 18, 2022.  *Id*. ¶10. Plaintiff alleges that, despite these approvals, he was "pressured" to return to work.  *Id*. ¶11.  Plaintiff does not provide any factual development or particulars regarding this alleged pressure.  Plaintiff was terminated on April 20, 2022.  *Id*. ¶11.  Plaintiff contends that two days beforehand, Chief Liberati "acknowledged receiving Plaintiff's doctor note confirming his ability to return to work."  *Id*. ¶12.   The Amended Complaint does not provide any particulars in terms of *when* he was to return to work, however.   Plaintiff's termination letter states that he failed to comply with instructions and did not return to work on the scheduled date. *Id*. ¶14. Plaintiff's worker's compensation claim was approved on April 26, 2022.  *Id*. ¶13.

Plaintiff also makes reference to "discriminatory actions," including "being targeted for his refusal to receive a COVID-19 vaccination after other staff had already complied." *Id*. ¶18. It is unclear what Plaintiff is referring to insofar as the Amended Complaint does not identify when or how he was "targeted."

**ARGUMENT**

**1. PLAINTIFF FAILED TO TIMELY SERVE HIS COMPLAINT**

Fed. R. Civ. P. 4(m) "requires a plaintiff to serve a defendant within 90 days after the complaint is filed." *Collins v. Thornton*, 782 Fed. Appx. 264, 266 (4th Cir. 2019). However, in this case, Plaintiff did not serve the Town until August 20, 2025, a whopping ***296 days*** after it was filed. A plaintiff may escape dismissal for failure to timely serve a complaint only if he demonstrates "good cause" for the delay, or if the court elects to exercise its discretion to extend the time for doing so. *Id*.

" 'Good cause' is a legal term of art." *Robinson v. G.D.C., Inc.*, 193 F. Supp. 3d 577, 580 (E.D. Va. 2016). In this context, good cause means "exceptional circumstances . . . beyond the plaintiff's control," accounting for "whether the plaintiff was diligent in making reasonable efforts to effect service" and "the prejudice to the defendant from the delay." *George v. Pro Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 432-433 (S.D.N.Y. 2016). And, it is the Plaintiff's burden to demonstrate good cause in not timely serving the Defendant. *Id*.

Here, Plaintiff contends that he believes there was a mix-up between the Clerk's Office and the U.S. Marshal's Service; however, he offers no evidence of such an occurrence. Moreover, he cannot demonstrate good cause for the delay between the filing

4

of his Complaint in October 2024 and the inability to obtain a Summons until March 2025, much less service months later in August. Nor does his speculation about a clerical error constitute good cause, and the Amended Complaint should be dismissed on that basis.

## 2. THE AMENDED COMPLAINT FAILS TO STATE A CLAIM AND IS TIME-BARRED

### A. Plaintiff's ADA Claim is Time-Barred.

Aside from the late service, the Amended Complaint fares no better on the merits. As Exhibit J to his original Complaint shows (ECF 1-11), Plaintiff's Right to Sue letter was issued by the EEOC on February 23, 2024. He filed his initial lawsuit 105 days later and not against the Town, but against the LHPD, which is not a suable entity. His first lawsuit against the *Town* was not filed until October 28, 2024, which was **248 days later**. This is fatal to Count 1, the alleged violation of the ADA.

To assert a cause of action under either Title VII or the ADA, a claimant must timely file suit within ninety days after receipt of a right-to-sue letter from the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1); *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 149-50 (1984) (holding that a claimant forfeits its right to pursue a claim under Title VII if suit is not brought within ninety days. "The ninety day period is not jurisdictional, but instead is treated as a statute of limitations period." *Brown v. Mayor of Baltimore, DOT*, Civil No. RDB-08-2549, 2010 U.S. Dist. LEXIS 10175, *5 (D. Md. Feb. 5, 2010) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398 (1982)). "Nevertheless, the ninety-day timing requirement is strictly enforced." *Id*. (citing *Harvey v. City of New Bern Police*

*Dept.*, 813 F.2d 652, 654 (4th Cir. 1987) (holding that an action filed ninety-one days after the claimant's wife received the notice was untimely).

Here, Plaintiff cannot overcome the indisputable timeline. His original suit, *which named a non-entity*, was filed 105 days after the right-to-sue letter was issued. Further, it was not until ***248 days later*** that he sued the Town – the sole Defendant in the instant suit.

Accordingly, Count 1 must be dismissed insofar as Plaintiff has forfeited his right to bring an ADA claim by failing to adhere to the ninety-day suit requirement.

**B.      Plaintiff Fails to State a Wrongful Termination Claim.**

Count 2 alleges wrongful discharge. The claim itself is devoid of particulars and instead alleges that Plaintiff's termination "was motivated by discriminatory reasons and in retaliation for exercising his rights under the ADA and Maryland law." ECF 14 ¶30.

Under Maryland law, an employer may generally terminate an at-will employee at any time for any reason. *Wholey v. Sears Roebuck*, 370 Md. 38 (2002). However, an employee who has been discharged in a manner that contravenes public policy may sue for the tort of wrongful discharge. *Id.* To plead such a claim, the employee must show (1) discharge by the employer, (2) a basis for discharge that violates some clear mandate of public policy, and (3) a nexus between the employe's conduct and the decision to fire. *Id.* at 50-51.

This tort, however, is "inherently limited to remedying only those discharges in violation of a clear mandate of public policy *which otherwise would not be vindicated by a civil remedy*." *Makovi v. Sherwin-Williams Co.*, 316 Md. 603, 605 (1989) (emphasis added). To fit within this narrow category, the Plaintiff must identify and plead a "pre-

existing, unambiguous, and particularized pronouncement, by constitution, enactment, or prior judicial decision, directing, prohibiting the conduct in question so as to make the Maryland public policy on the topic not a matter of conjecture or even interpretation." *King v. Marriott Int'l, Inc.*, 160 Md. App. 689, 702 (2005).

Here, the pleading does not identify such clear mandate of public policy and does not cite the source with particularity. Indeed, in *King*, the Appellate Court of Maryland held that the plaintiff there had "failed to meet the threshold requirement for stating a cause of action for wrongful discharge" by not identifying the source of the public policy "with particularity." *Id*. at 704. Plaintiff has made that same error here. The Amended Complaint does not cite anything that establishes a clear mandate of Maryland public policy.

As such, Count 2 fails to state a claim.

In addition, Count 2 fails to state a claim because the purported theory of liability is covered by other statutory remedies. *See Davis v. Balt. Hebrew Congregation*, 985 F. Supp. 2d 701, 718 (D. Md. 2013); *Kelly v. ACTS Retirement-Life Cmtys., Inc.*, No. GLR-23-127, 2023 U.S. Dist. LEXIS 157361, *11-12 (D. Md. Sept. 5, 2023). Here, any and all of Plaintiff's allegations are covered by remedies available in the ADA, Title VII and/or the Maryland Fair Employment Practices Act, Section 20-601, *et seq*. of the STATE GOVERNMENT ARTICLE. Thus, Plaintiff common law wrongful discharge claim is subject to dismissal.

**C. The (Former) LEOBR Does Not Create a Private Right of Action.**

Finally, Count 3 must be dismissed simply because there is no civil cause of action for any alleged violation of the LEOBR. The LEOBR, when it existed, provided a mechanism whereby an aggrieved police officer could apply to the circuit court in the county where the officer was employed and seek a show cause order if a right was denied during the disciplinary process. The court in turn could provide equitable or injunctive relief; but not money damages. There was never federal jurisdiction over LEOBR claims, and in any event, the Maryland General Assembly repealed the LEOBR and replaced it with the Maryland Police Accountability Act of 2021. *See* 2021 Md. Laws ch. 59 (S.B. 71). Very simply, even when the LEOBR existed, "[t]here [wa]s no private right of action for violations of the LEOBR . . .." *O'Connor v. Cameron*, No. DKC-17-3394, 2019 U.S. Dist. LEXIS 38234, *23 (D. Md. Mar. 11, 2019).

Accordingly, Count 3 fails to state a claim. If Plaintiff wished to seek relief under the LEOBR, then he was required to do so at the time of the disciplinary action and by seeking a show cause order in the Circuit Court for Prince George's County.

**CONCLUSION**

The foregoing premises having been considered, the Defendant respectfully requests that this Honorable Court grant its Motion to Dismiss, with prejudice.

Respectfully submitted,

_____/s/_____
JASON L. LEVINE (#16631)
7225 Parkway Drive
Hanover, Maryland 21076
Tel: (443) 561-1700
Fax: (443) 561-1701
jlevine@lgit.org

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I certify that on December 8, 2025, the foregoing paper was filed and served

CM/ECF.

_____/s/_____
JASON L. LEVINE (#16631)