**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| DONNART LAWRENCE, | ) )  |
| Plaintiff *pro se*, | ) ) ) Civil Action No. 24-cv-03121-LKG |
| v. | ) ) Dated: June 18, 2026 |
| THE TOWN OF LANDOVER HILLS, | ) ) |
| Defendant. | ) ) |

**MEMORANDUM OPINION**

## I.    INTRODUCTION

In this civil action, the Plaintiff *pro se*, Donnart Lawrence, brings claims against the Defendant, the Town of Landover Hills, arising from the termination of his employment with the Landover Hills Police Department (the "LHPD").  ECF No. 14.  The Defendant filed a motion to dismiss the amended complaint, pursuant to Fed. R. Civ. P. 12(b)(6).  ECF Nos. 35 and 35-1. The Plaintiff has also filed a motion for leave to further amend the complaint.  ECF No. 27. These motions are fully briefed.  ECF Nos. 27, 34, 36 and 38.  No hearing is necessary to resolve the motions.  *See* L.R. 105.6 (D. Md. 2025).  For the reasons that follow, the Court: (1) **GRANTS** the Defendant's motion to dismiss the amended complaint (ECF No. 35); (2) **DENIES** the Plaintiff's motion for leave to amend the amended complaint (ECF No. 27); and (3) **DISMISSES** the amended complaint.

## II.    FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.  Factual Background

In this civil action, the Plaintiff brings various claims against the Defendant, arising from the termination of his employment with the LHPD.  *See generally* ECF No. 14.  Specifically, the

---

[1] The facts recited in this memorandum opinion are taken from the Plaintiff's amended complaint, the Plaintiff's motion for leave to file second amended complaint, the Plaintiff's proposed second amended complaint, the Defendant's motion to dismiss and memorandum in support thereof, the Plaintiff's response in opposition thereto and the Defendant's reply brief.  ECF Nos. 14, 27, 29, 35, 35-1, 36 and 38.

Plaintiff alleges the following three claims against the Defendant in the amended complaint: (1) violation of the Americans with Disabilities Act ("ADA") (Count I); (2) wrongful discharge in violation of public policy under the ADA and Maryland law (Count II); and (3) violation of due process under the Law Enforcement Officers' Bill of Rights ("LEOBR") (Count III).  *See* ECF No. 14 at ¶¶ 25-33.  As relief, the Plaintiff seeks certain declaratory relief and to recover monetary damages, attorney's fees and costs from the Defendant.  *Id*. at Prayer for Relief.

The Parties

Plaintiff Donnart Lawrence is a resident of Maryland, and he was previously employed by the LHPD.  *Id.* at ¶ 1.

Defendant the Town of Landover Hills is a government entity in Prince George's County, Maryland that operates the LHPD.  *Id.* at ¶ 2.

The Plaintiff's Employment History

As background, the Plaintiff is a former police officer with the LHPD.  *Id.* at ¶ 5.  In early 2021, the Plaintiff was diagnosed with a pituitary adenoma and brain tumor that required surgical removal.  *Id.* at ¶ 6.  The Plaintiff also suffers from two herniated discs in his lower back, which were being treated and are the subject of the Plaintiff's pending workers' compensation claim.  *Id.* at ¶ 7.

The Plaintiff alleges that he had surgery on October 20, 2021, and that he was placed on a three-month recovery period thereafter, until January 18, 2022.  *Id.* at ¶ 8.  The Plaintiff also alleges that he complied with all requests from his employer to complete leave forms and to provide updated medical information.  *Id.*  And so, the Plaintiff contends that his medical condition qualifies as a disability under the ADA.  *Id.* at ¶ 9.

On January 18, 2022, the Plaintiff requested additional leave due to ongoing medical issues, which the LHPD approved up to April 18, 2022.  *Id.* at ¶ 10.  But, the Plaintiff alleges that he was pressured to return to work by March 1, 2022, even though he was not medically cleared to return to work.  *Id*. at ¶ 11.

On April 20, 2022, the LHPD terminated the Plaintiff's employment.  *Id.* at ¶ 11.  The Plaintiff alleges that his termination was "under the pretext of violating leave policies despite being given a direct order from the [Chief of Police], Robert Liberati to not return on the return date of April 18, 2022."  *Id.*  The Plaintiff's workers' compensation claim was approved on April 26, 2022.  *Id.* at ¶ 13.

The Plaintiff's EEOC Complaint

On December 16, 2022, the Plaintiff filed a charge of discrimination with the Maryland Commission on Civil Rights ("MCCR").  ECF No. 35-1 at 2; ECF No. 35-2 (MCCR charge of discrimination alleging discrimination on the basis of disability, other and race.).  On December 27, 2023, the MCCR issued a no probable cause finding.  ECF No. 1-11; ECF No. 35-1 at 2. On February 23, 2024, the Equal Employment Opportunity Commission ("EEOC") issued a Right-to-Sue Letter.  ECF No. 1-11; ECF No. 35-1 at 2.

Litigation History

On June 7, 2024, the Plaintiff filed a complaint against the LHPD in the Circuit Court for Prince George's County, Maryland, which was later removed to this Court on June 19, 2024. *Lawrence v. Town of Landover Hills Police Dept.*, No. 24-cv-01790, ECF No. 1 (D. Md. June 19, 2024).  The Court dismissed the case on September 24, 2024.  *Id.* at ECF No. 27.

On October 28, 2024, the Plaintiff commenced this civil action.  ECF No. 1.  The Plaintiff amended the complaint on March 17, 2025.  ECF No. 14.  In addition, the Plaintiff, subsequently, sought leave to further amend the complaint on several occasions.  ECF Nos. 19, 23, 27 and 29. The Plaintiff served the Defendant with a copy of the summons and amended complaint in August 2025.  ECF No. 26.

The Plaintiff's Allegations

In the amended complaint, the Plaintiff asserts the following three claims against the Defendant: (1) violation of the ADA (Count I); (2) wrongful discharge in violation of public policy under the ADA and Maryland law (Count II); and (3) violation of due process under the LEOBR (Count III).  ECF No. 14 at ¶¶ 25-33.  Specifically, the Plaintiff alleges that the termination of his employment with the LHPD was "part of a pattern of discriminatory and retaliatory behavior by the Defendant, including disparate treatment compared to other employees who committed policy violations but were not terminated."  *Id.* at ¶ 15.

In this regard, the Plaintiff alleges that, as one of two Black officers in the department, he faced discriminatory treatment, including being overlooked for promotions, targeted for his hairstyle and refusal to receive a COVID-19 vaccination.  *Id.* at ¶ 16.  The Plaintiff also alleges that the Defendant did not respond to his letters of demand, demonstrating a continued disregard for his rights and procedural fairness.  *Id.* at ¶ 21.

With regards to his ADA claim in Count I of the amended complaint, the Plaintiff alleges that the Defendant failed to provide reasonable accommodations for his disability and terminated his employment because of his disability and need for medical leave. *Id.* at ¶ 27. With regards to his wrongful discharge claim in Count II of the amended complaint, the Plaintiff alleges that his termination was motivated by discriminatory reasons and was in retaliation for exercising his rights under the ADA and Maryland law. *Id.* at ¶ 30.

Lastly, with regards to his LEOBR claim in Count III of the amended complaint, the Plaintiff alleges that he was entitled to, and denied, certain procedural protections, including a pre-termination and post-termination hearing, under the LEOBR. *Id.* at ¶¶ 32-33. And so, the Plaintiff seeks certain declaratory relief and to recover monetary damages, attorney's fees and costs from the Defendant. *Id.* at Prayer for Relief.

### B. Relevant Procedural Background

The Plaintiff commenced this civil action on October 28, 2024. ECF No. 1. On March 17, 2025, the Plaintiff filed an amended complaint. ECF No. 14.

On April 9, 2025, the Plaintiff filed a motion for leave to amend the complaint, which the Court denied without prejudice on July 15, 2025, because the Plaintiff had not properly served the Defendant with the current amended complaint. ECF Nos. 19 and 23.

On October 27, 2025, the Plaintiff filed a motion for leave to further amend the complaint. ECF Nos. 27 and 29.[2]

On December 8, 2025, the Defendant filed a motion to dismiss the amended complaint, pursuant to Fed. R. Civ. P. 12(b)(6), and memorandum in support thereof. ECF Nos. 35 and 35-1. On December 11, 2025, the Plaintiff filed a response in opposition to the Defendant's motion to dismiss. ECF No. 36. On December 17, 2025, the Defendant filed a reply brief. ECF No. 38.

The parties' motions having been fully briefed, the Court resolves the pending motions.

---

[2] The proposed second amended complaint asserts the same three claims that are asserted in the first amended complaint. ECF No. 29 at ¶ 26. This proposed amended pleading also adds a claim that the Defendant deprived the Plaintiff of his constitutional rights under the Fourteenth Amendment, in violation of 42 U.S.C. § 1983, because the Plaintiff was terminated without notice or a hearing and because he experienced discriminatory treatment based on disability and race. *Id.*

4

### III.   LEGAL STANDARDS

#### A.  Fed. R. Civ. P. 12(b)(6)

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible when "the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  When evaluating the sufficiency of the plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff.  *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005) (citations omitted).  But, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ."  *Nemet Chevrolet, Ltd.*, 591 F.3d at 255.  And so, the Court should grant a motion to dismiss for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *GE Inv. Priv. Placement Partners II, L.P. v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989)).

#### B.  Fed R. Civ. P. 15(a)(2)

It is within the Court's discretion to grant or deny leave to amend, and the Court "should freely" grant leave to amend "when justice so requires."  Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).  But, the Court should deny a party leave to amend "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile."  *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Foman*, 371 U.S. at 182).  In this regard, an amendment is futile "when the proposed amended complaint fails to state a claim."  *Van Leer v. Bank Securities, Inc.*, 479 Fed. App'x 475, 479 (4th Cir. 2012).  And so, the Court should deny a motion for leave to amend if "the proposed amendments could not withstand a motion to dismiss."  *Cuffee v. Verizon Communications, Inc.*, 755 F. Supp. 2d 672, 677 (D. Md. 2010) (citation omitted).

### C. *Pro Se* Litigants

The Plaintiff is proceeding in this matter without the assistance of counsel.  And so, the Court must construe the complaint liberally.  *See Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).  But, in doing so, the Court cannot disregard a clear failure to allege facts setting forth a cognizable claim.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"); *Bell v. Bank of Am., N.A.*, No. 13-478, 2013 WL 6528966, at *1 (D. Md. Dec. 11, 2013) ("Although a *pro se* plaintiff is general[ly] given more leeway than a party represented by counsel . . . a district court is not obliged to ferret through a [c]omplaint . . . that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." (quotations and citations omitted)).  And so, if a plaintiff fails to allege sufficient facts setting forth a cognizable claim, the Court must dismiss the complaint.

### D. The ADA

The ADA prohibits discrimination against individuals with disabilities and ensures equal access to employment, public services, and public accommodations.  42 U.S.C. § 12101 *et seq*. A so-called "right-to-sue letter" begins a 90-day period during which a plaintiff must file suit in federal court under the ADA.[3]  *See* 42 U.S.C. § 2000e–5(f)(1) (stating that a complainant has 90 days to file suit in federal or state court after being notified of the right to sue).  The plaintiff bears the burden of establishing that his complaint was timely filed, when the complaint's timeliness is contested by the defendant.  *See Cepada v. Bd. of Educ. of Balt. Cnty.*, No. 10-0537, 2010 WL 3824221, at *3 (D. Md. Sep. 27, 2010).  This 90-day time limit after notification of the right to sue for initiating litigation under the ADA is not a jurisdictional requirement but rather is treated "like a statute of limitations." *Kumar v. First Abu Dhabi Bank USA N.V.*, No. 20-1497, 2020 WL 6703002, at *5 (D. Md. Nov. 13, 2020) (internal citations omitted).

In this regard, the 90-day time limit may be subject to equitable tolling*. Id.*  But, the United States Court of Appeals for the Fourth Circuit has cautioned that the invocation of the equitable tolling doctrine to relieve strict application of a statute of limitations "must be guarded

---

[3] In the absence of evidence of the date of receipt, a right-to-sue letter is presumed to have been received by the plaintiff three days after it was issued and mailed.  *See* Fed. R. Civ. P. 6(d); *see also Weathersbee v. Balt. City Fire Dept.*, 970 F. Supp. 2d. 418, 427-28 (D. Md. 2013).

6

and infrequent." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). And so, a plaintiff is only entitled to equitable tolling of his claims, if he presents: (1) extraordinary circumstances; (2) that are beyond his control or external to his own conduct; and (3) that prevented him from filing on time. *See id*.

In addition, the relation back doctrine under Federal Rule of Civil Procedure 15(c)(1) provides, in relevant part, that an amended pleading outside an applicable statute of limitations "relates back" to the date of the original pleading if: "(1) the claim in the amended complaint arose out of the same transaction that formed the basis of the claim in the original complaint; (2) the party to be brought in by the amendment received notice of the action such that it will not be prejudiced in maintaining a defense to the claim; and (3) it should have known that it would have originally been named a defendant 'but for a mistake concerning the identity of the proper party.'" *Goodman v. Praxair, Inc.*, 494 F.3d 458, 467 (4th Cir. 2007); *see also* Fed. R. Civ. P. 15(c)(1)(B) and (C). Whether the relation back doctrine applies "depends on what the party to be added knew or should have known, not the amending party's knowledge or its timeliness in seeking to amend the pleading." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010). And so, this Court has held that "[t]he relation back doctrine has application only in instances where an original pleading is amended . . .. The amendment does not, however, relate back to any prior proceedings which are not part of the action in question." *Bratton-Bey v. Straughan*, No. 13-1964, 2014 WL 359493, at *5 (D. Md. Jan. 31, 2014) (internal citation omitted).

### E. Wrongful Discharge

Maryland law "recognize[s] a cause of action for abusive discharge by an employer of an at will employee when the motivation for the discharge contravenes some clear mandate of public policy." *Adler v. Am. Standard Corp.*, 432 A.2d 464, 473 (Md. 1981); *Szaller v. Am. Nat. Red Cross*, 293 F.3d 148, 150 (4th Cir. 2002). To establish a wrongful discharge claim, a Plaintiff must show: (1) that "[he] was discharged"; (2) "that the basis for h[is] discharge violated a clear mandate of public policy"; and (3) "that there is a nexus between h[is] conduct and h[is] employer's decision to discharge h[im]." *Verbal v. Giant of Maryland, LLC*, 204 F. Supp. 3d 837, 843 (D. Md. 2016) (citing *Wholey v. Sears Roebuck*, 803 A.2d 482, 489 (Md. 2002)). With regard to the second element of a wrongful discharge claim:

> Maryland courts have stressed that in order for a mandate of public policy to be well-established enough to form the basis of a wrongful discharge action, there must be a preexisting, unambiguous, and

>particularized pronouncement, by constitution, enactment, or prior judicial decision, directing, prohibiting, or protecting the conduct in question so as to make the public policy on the relevant topic not a matter of conjecture or interpretation.

*Szaller*, 293 F.3d at 151 (internal quotation and citation marks omitted); *Yuan v. Johns Hopkins Univ.*, 157 A.3d 254, 264 (Md. 2017) (citing *Parks v. Alpharma, Inc.*, 25 A.3d 200, 202–03 (Md. 2011)) (noting that the Maryland Supreme Court has held that "overly broad federal regulations could not form the basis for a wrongful discharge claim . . . specificity is important").

### F. The LEOBR

Lastly, the State of Maryland repealed the Law Enforcement Officers Bill of Rights and replaced this law with the Maryland Police Accountability Act in 2021.  2021 Md. Laws ch. 59 (S.B.71).  This Court has held that there is no private right of action under the LEOBR. *O'Connor v. Cameron*, No. 17-3394, 2019 WL 1112281, at *8 (D. Md. Mar. 11, 2019).

## IV.   ANALYSIS

The Defendant has moved to dismiss the amended complaint, pursuant to Fed. R. Civ. P. 12(b)(6), for the following four reasons: (1) the Plaintiff failed to timely serve the amended complaint under Fed. R. Civ. P. 4(m); (2) the Plaintiff's ADA claim is time-barred; (3) the Plaintiff fails to state a plausible wrongful discharge claim, because he has not identified a specific public policy violation under Maryland law; and (4) the Plaintiff fails to state a LEOBR claim, because this law has been repealed and does not create a private right of action.  ECF No. 35-1 at 4-8.  And so, the Defendant requests that the Court dismiss the amended complaint.  *Id.* at 8.

The Plaintiff counters that the Court should not dismiss the amended complaint, because: (1) he had good cause for the delay in service; (2) equitable tolling and the relation back doctrine apply to his ADA claim; and (3) he states plausible claims in the amended complaint.  ECF No. 36 at 1-4.  And so, the Plaintiff requests that the Court deny the Defendant's motion to dismiss. *Id.* at 7.

For the reasons that follow, a careful reading of the amended complaint makes clear that the Plaintiff fails to state plausible ADA claim in this case, because this claim is time-barred. The amended complaint also makes clear that the Plaintiff fails to state a plausible wrongful discharge claim, because the amended complaint does not identify a law to establish a clear violation of public policy in this case.

In addition, the Plaintiff's LEOBR claim is not plausible, because that law has been repealed by the Maryland General Assembly and also does not provide for a private right of action. Lastly, the Plaintiff has not shown that further amendment of the amended complaint is warranted in this case, because the proposed amendments would either be futile or prejudice the Defendant. And so, the Court: (1) GRANTS the Defendant's motion to dismiss the amended complaint (ECF No. 35); (2) DENIES the Plaintiff's motion for leave to amend the amended complaint (ECF No. 27); and (3) DISMISSES the amended complaint.

### A.     The Plaintiff's ADA Claim Is Time-Barred

As an initial matter, the Defendant's persuasively argue that the Plaintiff's ADA claim is time-barred, because the Plaintiff failed to commence this lawsuit within 90 days of receiving a right-to-sue letter from the EEOC. It is well-established that the Plaintiff has 90 days to file suit in this Court under the ADA after receipt of a "right-to-sue letter" from the EEOC. *See* 42 U.S.C. § 2000e–5(f)(1) (stating that a complainant has 90 days to file suit in federal or state court after being notified of the right to sue). The Plaintiff bears the burden of establishing that his complaint was timely filed, when the complaint's timeliness is contested by a defendant. *See Cepada v. Bd. of Educ. of Balt. Cnty.*, No. 10-0537, 2010 WL 3824221, at *3 (D. Md. Sep. 27, 2010) (citations omitted). While the 90-day time limit after notification of the right to sue for initiating litigation under the ADA is not jurisdictional, the Court treats this requirement "like a statute of limitations." *Kumar v. First Abu Dhabi Bank USA N.V.*, No. 20-1497, 2020 WL 6703002, at *5 (D. Md. Nov. 13, 2020) (internal citations omitted). And so, a failure to comply with this time limit means that the Plaintiff's claim is time-barred. *Id*.

In this case, there is no dispute that the Plaintiff failed to commence this civil action within 90 days of his receipt of the EEOC's right-to-sue letter. The Plaintiff received this letter on or about February 23, 2024, and he filed this civil action on October 28, 2024—248 days after the issuance of the right-to-sue letter. ECF No. 35-1 at 5. The Plaintiff's status as a *pro se* litigant does not excuse this delay. *Sanders v. Enos Contrs.*, No. 13-2590, 2015 WL 13022279, at *1 (D. Md. Dec. 4, 2015) (holding that *pro se* litigants are expected to adhere to "time requirements and other procedural rules," no less than parties with legal representation) (quoting *Dancy v. Univ. of N. Carolina at Charlotte*, No. 8-166, 2009 WL 2424039, at *2 (W.D.N.C. Aug. 3, 2009))). And so, the Plaintiff's ADA claim is clearly untimely.

The Plaintiff also argues without persuasion that the doctrine of equitable tolling should apply to his ADA claim. While this Court has recognized that the 90-day time limit to bring a claim under the ADA or Title VII may be subject to equitable tolling, the Fourth Circuit has also cautioned that the invocation of the equitable tolling doctrine to relieve strict application of a statute of limitations "must be guarded and infrequent." *See Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000); *see also Kumar*, 2020 WL 6703002, at *5. And so, to avail himself of the doctrine of equitable tolling, the Plaintiff must show: (1) extraordinary circumstances; (2) that are beyond his control or external to his own conduct; and (3) that prevented him from filing on time. *See Harris*, 209 F.3d at 330.

The Plaintiff fails to make such a showing here. The Plaintiff argues that he belatedly filed this lawsuit after multiple unsuccessful attempts to secure legal representation. ECF No. 36 at 3. Such challenges with obtaining counsel are not unusual and do not explain the significant delay in filing the present action. And so, the Plaintiff has not shown an extraordinary circumstance that would warrant equitable tolling.

The "relation back" doctrine also does not apply to the Plaintiff's ADA claim. Here, the Plaintiff seeks to relate back the amended complaint in this case to the complaint filed in a different civil action. ECF No. 36 at 3-4. This Court has held that the relation back doctrine does not allow for relation back to pleadings filed in a prior proceeding which are not part of the action in question. *Bratton-Bey v. Straughan*, No. 13-1964, 2014 WL 359493, at *5 (D. Md. Jan. 31, 2014) (internal citation omitted). Given this, the relation back doctrine is also not applicable in this matter. And so, the Court DISMISSES the Plaintiff's ADA claim. Fed. R. Civ. P. 12(b)(6).

### B.     The Plaintiff Fails To State A Wrongful Discharge Claim

A careful reading of the amended complaint also shows that the Plaintiff fails to state a plausible wrongful discharge claim in this case, because he has not identified a clear mandate of public policy to support this claim. To state a wrongful discharge claim, the Plaintiff must allege facts to show: (1) that "[he] was discharged"; (2) "that the basis for h[is] discharge violated a clear mandate of public policy"; and (3) "that there is a nexus between h[is] conduct and h[is] employer's decision to discharge h[im]." *Verbal v. Giant of Maryland, LLC*, 204 F. Supp. 3d 837, 843 (D. Md. 2016) (citing *Wholey v. Sears Roebuck*, 803 A.2d 482, 489 (Md. 2002)). Relevant to this dispute, the clear mandate of Maryland public policy must be specifically

identified by the plaintiff. *See Szaller v. Am. Nat'l Red Cross*, 293 F.3d 148, 151 (4th Cir. 2002). In this regard, Maryland courts have held that the mandate of public policy must derive from a "preexisting, unambiguous, and particularized pronouncement, by constitution, enactment, or prior judicial decision, directing, prohibiting, or protecting the conduct in question so as to make the public policy on the relevant topic not a matter of conjecture or interpretation." *Id.* (internal quotation and citation marks omitted).

In the amended complaint, the Plaintiff generally alleges that the LHPD's reason for terminating his employment "was motivated by discriminatory reasons and in retaliation for exercising his rights under the ADA and Maryland law." ECF No. 14 at ¶ 30. But, the amended complaint does not identify a mandate of public policy to support this claim. *See generally* ECF No. 14; *see also Szaller*, 293 F.3d at 151.

Given this, the Plaintiff fails to state a plausible wrongful discharge claim in the amended complaint. And so, the Court also DISMISSES the Plaintiff's wrongful discharge claim. Fed. R. Civ. P. 12(b)(6).

### C.    The Plaintiff Fails To State A LEOBR Claim

Turning to the Plaintiff's LEOBR claim, the amended complaint similarly fails to state a plausible claim. As the Defendant correctly observes, the State of Maryland repealed the LEOBR and replaced this law with the Maryland Police Accountability Act in 2021. 2021 Md. Laws ch. 59 (S.B.71). This Court has also held that there is no private right of action under the LEOBR. *O'Connor v. Cameron*, No. 17-3394, 2019 WL 1112281, at *8 (D. Md. Mar. 11, 2019). And so, the Court also DISMISSES the Plaintiff's LEOBR claim.

### D.    Leave To Further Amend The Amended Complaint Is Not Warranted

As a final matter, the Plaintiff has not shown that further amendment of the amended complaint is warranted in this case, because the proposed second amended complaint makes clear that the amendments would be futile.[4] This Court has the discretion to grant or deny leave to amend, and the Court "should freely" grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). But the Court should deny a party leave to amend "when the amendment would be prejudicial to the opposing party,

---

[4] Because the Court concludes that the Plaintiff's claims are either untimely or implausible, the Court does not address the Defendant's argument that dismissal of this matter is warranted because the Plaintiff failed to properly serve the complaint under Fed. R. Civ. P. 4(m).

11

there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Foman*, 371 U.S. at 182). In this regard, an amendment is futile "when the proposed amended complaint fails to state a claim." *Van Leer v. Bank Securities, Inc.*, 479 Fed. App'x 475, 479 (4th Cir. 2012). And so, the Court should deny the Plaintiff's motion for leave to amend if "the proposed amendments could not withstand a motion to dismiss." *Cuffee v. Verizon Communications, Inc.*, 755 F. Supp. 2d 672, 677 (D. Md. 2010) (citation omitted).

Here, a careful review of the proposed amended complaint makes clear that this pleading also fails to state plausible ADA, wrongful discharge and LEOBR claims for the same reasons discussed above. *See* ECF No. 29. While the Plaintiff also seeks to bring a Section 1983 claim against the Defendant, based upon an alleged violation of the Fourteenth Amendment (ECF No. 29 at ¶ 26), this claim also appears to be implausible. Notably, the proposed second amended complaint lacks factual allegations to show, among other things, that: (1) the Plaintiff was entitled to notice and a hearing before his discharge or (2) how the Defendant allegedly discriminated against the Plaintiff. *See generally id.* And so, the Court DENIES the Plaintiff's motion for leave to file a second amended complaint.

## IV.    CONCLUSION

For the foregoing reasons, the Court:

    (1) **GRANTS** the Defendant's motion to dismiss the amended complaint (ECF No. 35);

    (2) **DENIES** the Plaintiff's motion for leave to amend the amended complaint (ECF No. 27); and

    (3) **DISMISSES** the amended complaint.

A separate Order shall issue.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge